UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WAVERLY C. YOUNG,

                Plaintiff,        COURT FILE NO.: 07-04808 MJD/AJB

v.

DIVERSIFIED CONSULTANTS INC.,

                Defendants.

## ANSWER OF DIVERSIFIED CONSULTANTS INC.

Defendant Diversified Consultants Inc. ("DCI") as and for its Answer to the Amended Complaint ("Complaint") of Waverly C. Young ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1.    In response to paragraph 1 of Plaintiff's Complaint, DCI admits that the statutes referenced confer jurisdiction upon this Honorable Court but denies that jurisdiction is proper as it has not violated any law.

2.    In response to paragraph 2 of Plaintiff's Complaint, DCI admits that Plaintiff is asserting claims for violations of the Fair Debt Collection Practices Act "FDCPA", 15 U.S.C. § 1692 *et seq.* but denies that it violated the FDCPA.

3.    DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

4. In response to paragraph 4 of Plaintiff's Complaint, DCI admits that it is a foreign corporation operating in Florida. DCI further states that while at times it is a debt collector it has insufficient information and knowledge to admit or deny whether it is a debt collector in the instant matter and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

5. In response to paragraph 5 of Plaintiff's Complaint, DCI admits upon information and belief that Plaintiff incurred a debt with Sprint but has insufficient information to admit or deny the remaining allegations set forth therein and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

6. DCI admits the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. In response to paragraph 7 of Plaintiff's Complaint, DCI admits that Plaintiff alleges not to have received written correspondence from DCI but DCI affirmatively states that it mailed out a FDCPA compliant notice to Plaintiff on or about July 2, 2007, via USPS First Class Mail and that said notice was not returned to DCI.

8. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 8 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

9. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

10. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

11. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 11 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

12. DCI denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. DCI denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. DCI denies the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. DCI denies the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 16 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

17. DCI denies the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. DCI denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. DCI denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. DCI admits the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. DCI denies the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. DCI has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to his strictest burden of proof thereof.

23. DCI denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. In response to paragraph 24 of Plaintiff's Complaint, DCI admits that Plaintiff demands a trial by jury but denies that a jury trial is proper as there has been no violation of law.

25. DCI restates and realleges paragraphs 1 through 24 of Plaintiff's Complaint as though fully stated herein.

26. DCI denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. DCI denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Any violation of the law or damage suffered by Plaintiff, which DCI denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability of DCI.

### THIRD DEFENSE

Any violation of the FDCPA, which DCI denies, was not intentional and resulted, if at all, from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

### FOURTH DEFENSE

DCI further asserts, pleads and incorporate by reference, the affirmative defenses set forth in FRCP 8(c) and 12(b), including but not limited to, insufficient process and insufficient service of process.

### FIFTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which DCI denies, was due to the affirmative actions and/or omission of Plaintiff or others, and does not give rise to any claim of damages against DCI.

### SIXTH DEFENSE

Plaintiff has suffered no damages as a result of any acts or omissions of DCI.

## SEVENTH DEFENSE

DCI reserves the right to seek its reasonable attorneys' fees and costs pursuant to the 15 U.S.C. § 1692k(a)(3) if the Court deems Plaintiff's action were brought in bad faith and for the purpose of harassing DCI.

**WHEREFORE,** DCI prays for an order and judgment of this Court in its favor against Plaintiff as follows:

  1. Dismissing all causes of action against DCI with prejudice and on the merits; and,

  2. Awarding DCI such other and further relief as the Court deems just and equitable.

MOSS & BARNETT
A Professional Association

Dated: January 7, 2008.

s/ James R. Bedell
Michael S. Poncin (#296417)
James R. Bedell (#351544)
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis  MN  55402-4129
Telephone:  (612) 877-5000
ATTORNEYS FOR DEFENDANT
DIVERSIFIED CONSULTANTS INC.