UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

WAVERLY C. YOUNG,

    Plaintiff,

v.      **MEMORANDUM OF LAW & ORDER**
    Civil File No. 07-4808 (MJD/AJB)

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
_____

Thomas J. Lyons, Jr., Consumer Justice Center, PA, and Thomas J. Lyons, Sr., Lyons Law Firm, P.A., Counsel for Plaintiff.

James R. Bedell and Michael S. Poncin, Moss & Barnett, PA, Counsel for Defendant.
_____

## I. INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs. [Docket No. 11]

## II. FACTUAL BACKGROUND

On December 11, 2007, Plaintiff Waverly C. Young filed a Complaint against DCI Credit Services Inc. in this Court. On December 14, 2007, Young

1

filed an Amended Complaint against Defendant Diversified Consultants, Inc. alleging Count I: Violations of the Fair Debt Collection Practices Act ("FDCPA") – 15 U.S.C. § 1692 et seq.

On February 4, 2008, the parties conducted a telephonic Rule 26(f) meeting. On February 5, 2008, Defendant served Young with a Rule 68 Offer of Judgment, which Young's counsel received on February 6, 2008.  (Bedell Aff. ¶¶ 3-4; Exs. B-C to Bedell Aff.)  On February 19, 2008, Young filed an Acceptance of Defendant Diversified Consultants Inc., Rule 68 Offer of Judgment.  [Docket No. 9]  The parties agreed that judgment would be entered against Defendant for $1,500. Additionally:

> The judgment entered shall include an additional amount for Plaintiff's reasonable attorney fees and costs incurred by Plaintiff in connection with the claims alleged in the herein matter.  Said amount for attorney fees and costs shall be agreed by counsel for the parties, or determined by the Court upon application by Plaintiff's counsel, subject to objection and response by Defendant's counsel, if counsel are unable to reach an agreement.  Plaintiff's reasonable attorney fees and costs shall be limited to time and amounts expended on Plaintiff's claims in this matter through the date of Plaintiff's counsel's receipt of service of this Offer.

(Offer ¶ 2.)

Based on that Acceptance, the Court entered judgment for Plaintiff for

$1,500.00 and for the reasonable, necessarily incurred attorneys fees.  [Docket No. 10]

Because the parties are unable to agree on the amount of attorneys fees, Young has now filed the current motion.

### III.   DISCUSSION

####    A.   Standard

Both parties agree that the lodestar method is the appropriate approach for the determining the amount of reasonable attorney fees to be awarded in this case.  Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983).  Under the lodestar method, the Court determines "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id. at 433.  The Court considers a number of relevant factors, such as the difficulty of the case, the experience of the attorneys, and awards in similar cases.  Id. at 430 n.3.

####    B.   Reasonable Hourly Rate

In his original motion, Young requests the following hourly rates: $400 per hour for attorney Thomas J. Lyons, Jr., $400 per hour for attorney Thomas J. Lyons, Sr., and $110 per hour for paralegal Susan Wolsfeld.  In a subsequent letter to the Court, Young reduces his request to $300 per hour for Lyons, Jr., and

$325 for Lyons, Sr.

### 1.    Thomas J. Lyons, Jr. and Thomas J. Lyons, Sr.

In the original motion, Young asserts that the Lyons' current hourly rate is $400.  In support of this request, Young relies on a number of types of evidence, such as the Laffey Matrix, which the Court does not find persuasive.  However, the Court need not address this evidence, because, by letter dated April 9, 2008, Young has reduced his requested hourly rate for the Lyons based on the recent opinion awarding attorneys fees to the Lyons in <u>Olson v. Messerli & Kramer, P.A.</u>, No. 07-CV-0439 (PJS/RLE), 2008 WL 1699605 (D. Minn. Apr. 9, 2008) (unpublished).  In <u>Olson</u>, the court found a rate of $300 per hour to be reasonable for Lyons, Jr., and $325 per hour for Lyons, Sr.  <u>Id.</u> at * 2.

The Court finds <u>Olson</u> persuasive.  <u>Olson</u>, like this case, was a "relatively straightforward individual [FDCPA] case."  <u>Id.</u>  As the court noted in <u>Olson</u>, evidence of earlier cases in which Lyons, Jr. was awarded $200 and $250 per hour does indicate that his current rate should have increased over time.  <u>Id.</u> at *1.  As the curriculum vitae and previous court opinions submitted to this Court demonstrate, the Lyons are both experts in the field of FDCPA litigation, with Lyons, Sr. having even more experience and expertise than Lyons, Jr.  Based on

this Court's own experience and knowledge of market rates and on the well-reasoned opinion in Olson, the Court concludes that a rate of $300 per hour is reasonable for Lyons, Jr., and a rate of $325 per hour is reasonable for Lyons, Sr.

**2.     Susan S. Wolsfeld**.

Defendant does not object to the rate for Wolsfeld, and the Court concludes that the claimed rate of $110 per hour is reasonable.

**C.     Reasonably Expended Hours**

**1.     Introduction**

Young claims that Thomas Lyons, Sr. spent 7.10 hours in this matter, Thomas Lyons, Jr. spent 6.02 hours in this matter, and Susan S. Wolsfeld spent 9.74 hours in this matter. These amounts of time are all accurately supported in the submitted billing records.

Defendant raises a number of specific objections to the claimed time expended. The Court addresses each objection in turn.

Initially, Defendant asserts that, because both attorneys are experts in the FDCPA, they should be able to swiftly and efficiently litigate this simple case. The Court agrees that the Lyons' expertise should enable them to efficiently litigate FDCPA claims and it keeps this expertise in mind when determining the

5

number of hours reasonably expended.

### 2.     Fees Incurred After Receipt of the Offer of Judgment

Defendant asserts that Young is seeking reimbursement for fees incurred outside the terms of the Offer of Judgment.  The terms of the Offer of Judgment stated, "Plaintiff's reasonable attorney fees and costs shall be limited to time and amounts expended on Plaintiff's claims in this matter through the date of Plaintiff's counsel's receipt of service of this Offer."  (Offer ¶ 2.)  Young received the Rule 68 Offer of Judgment on February 6, 2008.  Therefore, Young's counsel cannot claim any fees incurred after February 6, 2007.  The Court will reduce Lyons, Jr.'s fees by .54 hours for the time he expended on February 12, 2008.  It will reduce Lyons, Sr.'s fees for 2.4 hours expended from February 7, 2008, through February 19, 2008.  Finally, the Court will reduce Wolsfeld's time by .77 hours expended on February 12, 2008.

### 3.     Preparation of the Complaint

Defendant asserts that the time spent preparing the Complaint is excessive and duplicative.  The Court does not agree that the time spent was duplicative.  The Court considers it reasonable for Young's paralegal to have expended the majority of the claimed time preparing the Complaint and for Lyons, Sr., to

spend a significantly smaller amount of time reviewing and finalizing the Complaint.  The Court concludes that the amount of time expended preparing the Complaint was not unreasonable.  Although the Complaint was derived from a form and was not lengthy, preparing the Complaint also entailed analysis of the facts and legal basis for the case and litigation strategy.  The Court also concludes that the time expended preparing the Amended Complaint was reasonable.

### 4.  Time Expended During Interview

Defendant notes that on October 12, 2008, Lyons, Sr., claims to have spent 2.53 hours on "Intake retainer; interview over e-mail; phone interview."  Defendant argues that, according to the billing statement, this was the initial consultation.  Defendant further argues that the web site for Lyons Law Firm states, "We will not charge consumers for Initial Consultation," and "We will consult with any consumer free without charge or fee."  (Bedell Aff. ¶ 12; Ex. K to Bedell Aff.)  Defendant notes that "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (citation omitted).

The Court concludes that the time billed above is reasonable.  There is no evidence that the time billed is for the "initial consultation."  Although this is the

first billing entry to date, the initial consultation is not charged to the client, so, logically, such billing record would not be submitted to the Court.

### 5.     Assertions of Excessive and Duplicative Billing

Defendant objects to time billed by Lyons, Jr., on February 6, 2008, for discussing the Rule 68 Offer with Lyons, Sr., and editing the Rule 26(f) report. All told, these tasks took 1.78 hours and Lyons, Sr., did not bill for time discussing the Rule 68 offer. The Court concludes that this time was not excessive. 1.78 hours is not an inordinate amount of time to both edit the Rule 26(f) report and discuss settlement options and strategy with an FDCPA expert.

Defendant next objects that, on January 3, 2008, Lyons, Jr., claims he spent 2.51 hours for "File review and calls with Jeff Ludwig re settlement." Ludwig avers that he did not have any telephone calls with Young's counsel that day. (Ludwig Aff. ¶ 2.) He further avers that he had only one conversation with Young's counsel throughout the entire litigation and that conversation only lasted 10 minutes, at most. (Id. ¶ 3.) The Court notes that Young's counsel have no entries, other than the January 3 entry, that mention a telephone conversation with Ludwig. Defendant also asserts that "file review" is an overly vague description of the time spent.

8

Young "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley, 461 U.S. at 437. In light of the specific affidavit filed by Ludwig averring that he had no telephone conversation with Lyons, Jr. on January 3 and, overall, had only one ten-minute conversation with him, and the fact that "file review" is an overly vague description for a time entry of more than 2 hours, the Court will reduce Lyons, Jr.'s time by 1.51 hours for that date.

### D.    Costs

The Court has reviewed the records submitted by Young's counsel and finds that the request for $524.35 in costs incurred is reasonable and supported by the record.

### E.    Conclusion

The Court has concluded that Lyons, Sr.'s claimed time will be reduced from 7.1 hours to 4.7 hours, and his claimed hourly rate will be reduced from $400 to $325. Lyons, Jr.'s claimed time will be reduced from 6.02 hours to 3.97 hours, and his claimed hourly rate will be reduced from $400 to $300. Wolsfeld's claimed time will be reduced from 9.74 to 8.97 hours, and her claimed hourly rate remains unchanged at $110. Therefore, Young in entitled to a total of $3705.20 in

9

attorneys fees and $524.35 in costs.

**IT IS HEREBY ORDERED** that:

Plaintiff's Motion for Attorney Fees and Costs [Docket No. 11] is **GRANTED IN PART** and **DENIED IN PART** as follows: Plaintiff shall recover attorney fees and costs in the amount of four thousand two hundred and twenty-nine dollars and fifty-five cents ($4,229.55).

Dated:   May 21, 2008                         s / Michael J. Davis
                                                                                  Judge Michael J. Davis
                                                                                  United States District Court